| | |
|---|---|
| **UNITED STATES DISTRICT COURT** | |
| EASTERN DISTRICT OF CALIFORNIA | |
| PERVAIZ A. CHAUDHRY, M.D., et al., | Case No. 1:16-cv-01243-LJO-SAB |
| Plaintiffs, | ORDER DISREGARDING NOTICE OF VOLUNTARY DISMISSAL |
| v. | (ECF No. 57) |
| DR. KAREN SMITH, | FIVE-DAY DEADLINE |
| Defendant. | |

Plaintiffs Pervaiz Chaudhry and Valley Cardiac Surgery Medical Group filed this action against Defendants Dr. Karen Smith, Steven Lopez, Eric Creer, Shirley Campbell, Deidre Kappmeyer, and Bea Hensleit in Fresno Superior Court; and Defendants removed the action to the Eastern District of California on August 19, 2016. (ECF No. 1.) After Defendants filed a motion to dismiss, Plaintiff filed a first amended complaint on August 29, 2016, that did not include Bea Hensleit and she was terminated from the action. (ECF No. 6.) Defendants filed a second motion to dismiss that was denied on December 16, 2016. (ECF No. 12.) An answer was filed on January 26, 2017. (ECF No. 13.) On January 18, 2019, District Judge Lawrence J. O'Neil issued a memorandum decision and order on Defendants' motion for summary judgment. (ECF No. 56.) In the order, the parties were instructed to take proper steps to either dismiss Ms. Kappmeyer or substitute a proper defendant in her place as she is deceased. (Id.) On January 22, 2019, a stipulation for voluntary dismissal of Ms. Kappmeyer was filed. (ECF No. 57.)

1       Under Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure, 'a plaintiff has an absolute right to voluntarily dismiss his action prior to service by the defendant of an answer or a motion for summary judgment.' " Commercial Space Mgmt. Co., Inc. v. Boeing Co., Inc., 193 F.3d 1074, 1077 (9th Cir. 1999) (quoting Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1997)). Here, Defendants have filed an answer and motion for summary judgment, so Plaintiff cannot voluntarily dismiss this action or a defendant pursuant to Rule 41(a)(1)(A)(i).

      Federal Rule of Civil Procedure 41(a)(1)(A)(ii) provides that a "plaintiff may dismiss an action without a court order by filing a stipulation of dismissal signed by **all parties** who have appeared." Fed. R. Civ. P. 41(a)(1)(A)(ii) (emphasis added). A party may also dismiss an action by filing a motion requesting the Court to dismiss the action. Fed. R. Civ. P. 41(a)(2). Rule 41(a) also allows a party to dismiss some or all of the defendants in an action through a Rule 41(a) notice. Wilson, 111 F.3d at 692. A motion for voluntary dismissal under Rule 41(a)(2) is addressed to the sound discretion of the district court. Hamilton v. Firestone Tire & Rubber Co. Inc., 679 F.2d 143, 145 (9th Cir. 1982).

      Plaintiffs' notice of voluntary dismissal is defective under Rule 41(a) because it is not a signed stipulation by all parties who have appeared nor is it a motion under Rule 41(a)(2). The stipulation is signed by counsel for **plaintiff and counsel for Defendant Kappmeyer.** However, Rule 41(a) requires that the stipulation be signed by all parties who have appeared. The Court is aware that Charles Doerksen represents both plaintiffs and Oliver Lewis represents all defendants. However, the stipulation does not reflect that counsel is stipulating on behalf of all parties, but only certain of the parties. The Court finds this is insufficient to comply with Rule 41(a). In order to dismiss Defendant Kappmeyer from this action, the stipulation must comply with the procedures set forth in Rule 41 by having the signature of the attorney which reflects that it is for all parties that have appeared in this action.

///
///
///
///

Accordingly, Plaintiff's notice of voluntary dismissal is HEREBY DISREGARDED. Plaintiff shall file a request for dismissal that complies with Rule 41 within five (5) days from the date of entry of this order.

IT IS SO ORDERED.

Dated: **January 23, 2019**

UNITED STATES MAGISTRATE JUDGE