
# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERVAIZ A. CHAUDHRY, M.D., et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>SONIA ANGELL, et al.,<br><br>　　　　Defendants. | Case No. 1:16-cv-01243-SAB<br><br>ORDER GRANTING PLAINTIFFS' MOTION FOR RECONSIDERATION OF *IN LIMINE* ORDER<br><br>(ECF No. 104, 107) |

Currently before the Court is Plaintiffs' supplemental briefing which the Court construes as a motion for reconsideration of the order addressing the parties' motions *in limine*. The Court heard oral argument on April 22, 2020. Counsel Ty Kharazi and Thornton Davidson appeared by video for Plaintiffs, and counsel Diana Esquivel appeared by video for Defendants. Having considered the pleadings and the arguments presented at the April 22, 2020 hearing, as well as the Court's file, the Court issues the following order.

**I.**

**RELEVANT BACKGROUND**

Pervaiz A. Chaudhry, M.D., and Valley Cardiac Surgery Medical Group ("Plaintiffs") filed this civil rights action pursuant to 42 U.S.C. § 1983 in Fresno County Superior Court on June 17, 2016 based on a State investigation into a report that Plaintiff Chaudhry had left the operating room prior to his surgical patient being closed and stable. (Compl., ECF No. 1 at 10-

30.[1]) The matter was removed by the defendants to the Eastern District of California on August 19, 2016. (ECF No. 1.) Currently this matter is proceeding against Sonia Angell in her official capacity, Steven Lopez in his individual capacity, and Shirley Campbell in her individual capacity (collectively "Defendants") on allegations of violations of due process. (ECF Nos. 56, 60, 101.) The parties have consented to the jurisdiction of the magistrate judge and the trial date has been vacated. (ECF No. 106.) The matter shall be set for trial before the undersigned when the current COVID-19 restrictions are lifted. (ECF Nos. 63, 95, 106.)

On February 21, 2020, an order was filed granting in part and denying in part the parties' motions *in limine*. (ECF No. 97.) On March 19, 2020, at the stipulation of the parties, Plaintiff Chaudhry's claims, assertions, and requests for damages relating to his general damages, which he claims to have been proximately caused by Defendants' conduct, including but not limited to depression, anxiety, sleeplessness, and cluster headaches were dismissed from the action. (ECF No. 103.)

On March 30, 2020, Plaintiff filed a "supplement" which the Court construes as a motion for reconsideration of the Court's order on the parties' motions *in limine* based on the dismissal of these damage claims.[2] (ECF No. 104.) Defendants filed an opposition to the motion on April 10, 2020. (ECF No. 107.)

## II.

## LEGAL STANDARD

"It is a basic principle of federal practice that 'courts generally . . . refuse to reopen what has been decided. . . .'" Magnesystems, Inc. v. Nikken, Inc., 933 F.Supp. 944, 948 (C.D. Cal. 1996) (quoting Messinger v. Anderson, 225 U.S. 436, 444 (1912)). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003). " 'A party seeking

---

[1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

[2] In their briefing Plaintiffs requested that the Court address the likelihood that this matter would proceed to trial on the scheduled date of May 11, 2020 due to the COVID-19 restrictions in place. A telephonic conference was held on April 9, 2020. (ECF No. 105.) On April 10, 2020, an order issued vacating the trial date and setting a status conference. (ECF No. 106.)

1 reconsideration must show more than a disagreement with the Court's decision, and 2 'recapitulation of the cases and arguments considered by the court before rendering its original 3 decision fails to carry the moving party's burden.' " United States v. Westlands Water Dist., 134 4 F.Supp.2d 1111, 1131 (E.D. Cal. 2001) (citations omitted).  Motions for reconsideration are not 5 the place for the parties to raise new arguments that were not raised in their original briefs, nor is 6 reconsideration to be used to ask the district court to rethink what it already thought.  Motorola, 7 Inc. v. J.B. Rodgers Mech. Contractors, 215 F.R.D. 581, 582 (D. Ariz. 2003).

8      A motion for reconsideration should not be granted, absent highly unusual circumstances, 9 unless the district court is presented with newly discovered evidence, committed clear error, or if 10 there is an intervening change in the controlling law."  Marlyn Nutraceuticals, Inc. v. Mucos 11 Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal punctuation and citations 12 omitted); Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 13 1993).

14      Requests for reconsideration are also governed by Local Rule 230(j) which provides that 15 a party seeking reconsideration must set forth the material facts and circumstances surrounding 16 the motion for reconsideration, including "what new or different facts or circumstances are 17 claimed to exist which did not exist or were not shown upon such prior motion, or what other 18 grounds exist for the motion;" and "why the facts or circumstances were not shown at the time of 19 the prior motion."

20                                              **III.**
21                                        **DISCUSSION**

22      Here, Plaintiffs seek reconsideration of the Court's rulings on the motions *in limine* based 23 on changed circumstances.  Since the order issued, Plaintiffs are no longer seeking damages due 24 to emotional distress or the physical manifestations suffered by Plaintiff Chaudhry and argue that 25 this makes the prior lawsuits filed against Plaintiffs irrelevant.  Defendant counters that the 26 dismissal of the emotional distress claims does not change the Court's prior ruling on the 27 motions *in limine*.

28      The Court finds that Plaintiffs have demonstrated that reconsideration of the order is

1 appropriate given the change in the pleadings. The Court grants Plaintiff's motion for
2 reconsideration.

3 Plaintiff seeks reconsideration of the rulings on the admissibility of <u>Arteaga v. Fresno
4 Community Regional Medical Center</u> (hereafter "Perez")[3] and other medical lawsuits filed
5 against Plaintiffs, Defendants' rebuttal witnesses, the testimony of Drs. Mehdi, Raskin, and
6 Huang, and evidence related to other non-medical lawsuits.

      **A.    Evidence of Medical Lawsuits**

Plaintiffs' first motion *in limine* sought to exclude any mention of the <u>Perez</u> lawsuit. Plaintiffs argue that now that Plaintiff's Chaudhry's claim seeking damages due to emotional distress and physical manifestations have been dismissed from this lawsuit, evidence of the <u>Perez</u> lawsuit and the testimony from Mr. Perez's wife and son are not relevant to the claims that will be tried in this matter. Plaintiffs contend that the verdict in <u>Perez</u> was never reduced to a verdict but was superseded by a monetary settlement between the Perez family and the defendants, including the hospital and Plaintiff Chaudhry.

Plaintiffs' seventh motion *in limine* sought to exclude evidence of other medical lawsuits that had been filed against Plaintiff Chaudhry or his medical practice. Plaintiffs argue that the evidence of other medical lawsuits should no longer be admissible because Plaintiff Chaudhry's emotional distress claims have been dismissed from this action. Plaintiffs allege that although Defendants stated that this evidence would also be relevant to the claim for economic damages, the limited scope of the inquiry demonstrates that the evidence was to show that Plaintiff Chaudhry's emotional distress came from sources other than the publication of the State 2567. Plaintiffs contend that the risk of prejudice is greater than the probative value now that the emotional distress claims have been dismissed.

Defendants argue that Plaintiffs unreasonably narrow the arguments that Defendants advanced in both their opposition to Plaintiffs' motions *in limine* and their own motions *in*

---

[3] The family of Mr. Perez filed a lawsuit, <u>Arteaga v. Fresno Community Regional Medical Center</u>, No. 13CECG03906 (Fresno County Superior Court), arising from the April 2, 2012 surgery Plaintiff Chaudhry performed. The Court refers to the suit by the patient's last name, <u>Perez</u>.

*limine*. Defendants argued that the Perez lawsuit and other lawsuits were relevant to Plaintiffs' claim for damages, including economic damages. Although the focus at the hearing was the relevance to the physical and emotional damages, Defendants have continuously asserted that these lawsuits are relevant to Plaintiffs' economic damages because he contends that he became uninsurable after the publication of the State 2567. Defendants assert that evidence of the Perez lawsuit and the testimony of Mr. Perez's wife and son is admissible to establish that the family obtained a favorable verdict against Plaintiff Chaudhry and that any prejudice can be mitigated with the use of a limiting instruction.

### 1. Prior *In Limine* Rulings

The order denying Plaintiffs' first motion *in limine* states,

> While the issue that was decided by Perez is different from that to be decided here, Defendants argue that the verdict and award in Perez are relevant to the cause of Plaintiff Chaudhry's emotional distress and any aggravation of his cluster headaches and to show that these damages were not caused by the report that was published. Additionally, if Plaintiffs present evidence that the Perez family filed their lawsuit because of the report, the testimony of the Perez family would be relevant to show why they filed the action. Depending on the testimony presented at trial, the Perez lawsuit may be relevant to Plaintiffs' damages in this action.
>
> Plaintiffs' have not shown that the Perez lawsuit is inadmissible in this matter on all potential grounds. The Court shall address specific objections to evidence from the Perez case as it arises during the trial of this matter so that the evidence can be considered in its proper context.

(Order Re Motions *In Limine* 6-7, ECF No. 97 (citations omitted).)

The order denying Plaintiffs' seventh motion *in limine* states,

> Plaintiff is alleging that he suffered damage as a result of the State 2567 report, including that he lost contracts with other major hospitals in Fresno, his annual income substantially decreased following Mr. Perez's surgery, several lawsuits were filed against him, and his medical malpractice insurance became unaffordable. Defendants contend that they are entitled to present evidence that Plaintiffs' economic damages are not a result of their conduct but due to other malpractice lawsuits that were filed against Plaintiffs before and after the incident with Mr. Perez and the publishing of the State 2567 report. Defendants argue that they can present this evidence to provide a reasonable alternative to Plaintiff Chaudhry's anticipated testimony regarding the decrease in revenue and the increase in his medical malpractice insurance. Defendants state that they do not intend to introduce testimony as to how the lawsuits were resolved unless Plaintiff opens the door to such testimony. Defendants only intend to inquire into the existence of the lawsuits, when they were filed, whether the lawsuit was for medical malpractice or another cause of action related to the provision of medical care, and whether the case was resolved or is still pending.

> The Court finds that the fact that these lawsuits may be relevant to Plaintiffs' damages in this action. To the extent that Plaintiff alleges prejudice if evidence of the lawsuits is admitted, the parties shall include a limiting instruction in their proposed jury instructions addressing the proper use of this evidence. Plaintiffs have not shown that the prior lawsuits are inadmissible in this matter on all potential grounds. Plaintiffs' motion *in limine* no. 7 to preclude all evidence related to other malpractice lawsuits involving Plaintiff Chaudhry or his medical practice is denied.

(ECF No. 97 at 36-37.)

### 2.   Evidence of Medical Lawsuits is Admissible

Plaintiffs argue that now that Plaintiff Chaudhry is no longer seeking damages for emotional distress and the physical manifestations that he suffered, the Court must exclude any reference to the verdict in Perez and other medical lawsuits and exclude the testimony of Mr. Perez's family members because balancing shows that the evidence is more prejudicial than it is probative. Defendants point to Plaintiff Chaudhry's declaration filed in support of his opposition to summary judgment to support their argument that evidence of other lawsuits is admissible in this action.

In addressing damages in his declaration in opposition to Defendants' motion for summary judgment, Plaintiff Chaudhry stated,

> For many years, my malpractice insurance was provided by NORCAL Mutual, but as a result of the events following the CDPH report, it was non-renewed effective early-2018. In an attempt to obtain replacement insurance, I dealt with Prevail Insurance Management Services, and as of January 2018 the best option available offered limits of only $1 million/$3 million with an annual premium of $270,000, plus I would have had to purchase tail insurance which would have cost $27,506 for my medical group and $123,584 for myself. . . These rates were very much more than what was previously paid and I simply could not afford to remain insured.

(Decl. of Pervaiz Chaudhry, M.D. in Opp. To S.J. 17, ECF No. 49.)

Plaintiff Chaudhry included as an exhibit a quote for his malpractice insurance which states that all offers were "what is called, Retro Date Inception (RDI)" and means that the insurance carriers would not cover any prior acts. (January 24, 2018 e-mail from Devin Eckhardt, ECF No. 49-18 at 3.) This required that "tail be purchased from Norcal for you and the entity of Valley Cardiac Surgery." Id. They had looked "for separate stand alone tail offers,

6

but we're not getting any takers at this point" and the "last stand alone tail market . . . declined due to claims history." (Id.)

Generally speaking, evidence of other lawsuits against a party is admissible where it is relevant, offered for a proper purpose under Rule 404(b), and has a sufficient nexus to the allegations in the suit. Jackson v. Fed. Express, No. CV1001760MMMCWX, 2011 WL 13268074, at *2 (C.D. Cal. June 13, 2011). "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.

Defendant argued at the April 22, 2020 hearing that if Plaintiff Chaudhry testifies during the trial of this matter that he had to stop practicing due to the increase in his malpractice insurance then the lawsuits that were filed against him are admissible to provide an alternate reason for the increase in Plaintiff's malpractice insurance. Here, Plaintiffs are seeking economic damages claiming that their medical practice declined and medical malpractice insurance became unaffordable due to the State 2567 report that was published. If the jury finds for Plaintiffs in this action, they will be required to decide if the State 2567 report was the cause of the economic damages that Plaintiffs are claiming. While Plaintiffs are asserting that the State 2567 report was the cause of their economic damages, Plaintiff Chaudhry was informed that his insurance agent was having difficulty finding a tail carrier and the last carrier had declined due to Plaintiffs' claims history. The fact that there were multiple medical lawsuits filed against Plaintiff Chaudhry has a tendency to make the fact that the State 2567 report was the cause of his damages less likely. Therefore, evidence of medical lawsuits filed against Plaintiffs is relevant in this action.

Relevant evidence can be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Plaintiffs argue that this evidence is more prejudicial than probative and state in a footnote that they will be required to present evidence that the Perez verdict against Plaintiff Chaudhry was never reduced to a verdict but was settled without financial liability to Plaintiff Chaudhry.

1     Here, the evidence of medical lawsuits is highly probative to the cause of Plaintiffs'
2 economic damage claim in this action.  While Plaintiffs argue that the evidence is prejudicial,
3 they fail to identify any prejudice that would result from the admission of the evidence of
4 medical lawsuits.  "[R]elevant evidence is inherently prejudicial; but it is only unfair prejudice,
5 substantially outweighing probative value, which permits exclusion of relevant matter under
6 Rule 403."  United States v. Hankey, 203 F.3d 1160, 1172 (9th Cir. 2000).

7     Plaintiffs argue that they will need to offer evidence that the Perez verdict and other suits
8 were settled without any liability to Plaintiff Chaudhry, but this is the substance of Defendants'
9 argument.  Plaintiff contends that the State 2567 report was the cause of the malpractice
10 insurance becoming unaffordable, but Defendants argue that the malpractice insurance became
11 unaffordable because the medical malpractice provider was required to cover the multiple
12 lawsuits that had been filed against Plaintiffs.  Therefore, to the extent that Plaintiffs are arguing
13 that evidence that these cases settled without any liability to Plaintiff Chaudhry would unduly
14 delay or waste the juries time, the Court finds that this is also probative evidence of the cause of
15 Plaintiffs' damages and would not unduly delay or waste time in this matter.

16     At the April 22, 2020 hearing, Plaintiffs argued that if the defendant is allowed to
17 introduce evidence that medical lawsuits were filed against Plaintiff then they would be required
18 to introduce the facts and allegations in the other lawsuits.  However, the Court finds that the
19 allegations within the lawsuits are irrelevant in this action.  The lawsuits are not relevant because
20 of the claims contained within them, but to show that there were claims filed which caused
21 Plaintiffs' malpractice insurance to increase.  Therefore, any allegations in the suits beyond the
22 fact that they were based upon a medical claim is irrelevant.

23     Plaintiffs also argued that neither party has designated an expert witness to testify as to
24 the effect of the medical claims on their malpractice insurance.  To be admissible expert
25 testimony must address an issue that is beyond the common knowledge of the average layman.
26 United States v. Vallejo, 237 F.3d 1008, 1019 (9th Cir.), opinion amended on denial of reh'g,
27 246 F.3d 1150 (9th Cir. 2001); United States v. Finley, 301 F.3d 1000, 1007 (9th Cir. 2002);
28 Maffei v. N. Ins. Co. of New York, 12 F.3d 892, 897 (9th Cir. 1993).  Given the prevalence of

1  insurance coverage in the United States, it is within the common knowledge of an average
2  layman that filing a claim with your insurance company will often result in an increase in your
3  insurance premiums.  This is so common that a major insurance company runs television
4  commercials advertising accident forgiveness where your insurance premium will not be raised
5  due to your first accident.  The Court finds that expert testimony is not required to explain the
6  relationship between submitting claims to an insurance company and an increase in the insurance
7  premium.

8         Plaintiffs seek to exclude the verdict and the amount of damages that were awarded in the
9  Perez lawsuit.  The jury in Perez found that Plaintiff Chaudhry had committed malpractice and
10 awarded approximately 60 million dollars in damages.  The amount that the jury found was
11 never reduced to judgment as the matter was settled along with other cases that had been filed
12 against Plaintiffs.  Here, it is the fact that the lawsuits were filed and that the insurer was required
13 to cover any adverse verdict or settlement that is relevant to the damages in this matter.  The fact
14 that the jury returned a verdict that was settled in Perez is relevant to the issue of damages
15 because of the effect it would have upon Plaintiffs' malpractice insurance.

16        While the amount of the damages awarded by the jury has some relevance in this action
17 because of the liability incurred by the insurance company, the Court finds that the amount of the
18 award is unduly prejudicial.  If the jury was presented with evidence of the significant damages
19 awarded by the jury, there is a risk that the jury in this action would return a verdict in favor of
20 Defendants based upon those damages awarded in the state malpractice action.  As both of the
21 parties have argued, the jury in this matter is not considering whether Defendant Chaudhry
22 committed malpractice in his treatment of Mr. Perez, but whether the State conducted an
23 appropriate investigation into the allegation that Plaintiff Chaudhry left the hospital prior to Mr.
24 Perez being stable in violation of State and hospital regulations.  Accordingly, the Court finds
25 that the probative value of the amount of the damages award in Perez would be substantially
26 outweighed by the risk of prejudice that the jury would determine that Plaintiff Chaudhry
27 committed the conduct alleged based upon the significant damages that were awarded by the
28 state jury and therefore find that Defendant's investigation was justified.

1  Plaintiffs have not demonstrated that the probative value of the evidence of medical
2 lawsuits is "substantially outweighed by a danger of . . . unfair prejudice, confusing the issues,
3 misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."
4 Fed. R. Evid. 403.  However, the Court finds that evidence of the damage award in Perez shall be
5 excluded in this action as unduly prejudicial.

6  Plaintiffs have not met their burden of establishing that the evidence of medical lawsuits
7 filed against Plaintiffs are inadmissible on any grounds.  Accordingly, Plaintiffs' first motion *in*
8 *limine* to exclude evidence of the damage award in Perez is granted; and Plaintiff's first and
9 seventh motions *in limine* to exclude evidence that medical lawsuits were filed against Plaintiffs,
10 including Perez, is denied.

11 **B.  Evidence of Other Non-Medical Lawsuits**

12  Plaintiffs' eighth motion *in limine* sought to exclude evidence of other non-medical
13 lawsuits that had been filed against Plaintiff Chaudhry.  Plaintiffs argue that the evidence of
14 other non-medical lawsuits should no longer be admissible because Plaintiff Chaudhry's
15 emotional distress claims have been dismissed from this action.

16  The order denying Plaintiffs' eighth motion *in limine* states,

> Plaintiff Chaudhry claims that he developed cluster headaches due to the emotional distress from the investigation and publishing of the State 2567 report. Defendants argue that the jury is entitled to hear evidence that Plaintiff Chaudhry had other stressors during this time period, including that there were other pending litigation matters.  Since any such testimony will be brief and concise, Defendants state that any potential for prejudice shall be substantially curtailed.
>
> The Court finds that the fact that the lawsuits were filed may be relevant to Plaintiffs' damages in this action.  However, the evidence would be limited by Rule 403 as to the allegations in and the nature of the suit.  Plaintiffs have not shown that the prior lawsuits are inadmissible in this matter on all potential grounds.  Plaintiffs' motion *in limine* no. 8 to preclude all evidence related to other non-medical lawsuits involving Plaintiff Chaudhry or his medical practice is denied.

(ECF No. 97 at 37-38.)

 Defendants have presented evidence that the medical lawsuits are relevant to Plaintiffs' economic damages claim because it allegedly caused the increase in their medical malpractice insurance.  At the April 22, 2020 hearing, Defendants argued that the fact that nonmedical

10

1  lawsuits is also relevant to Plaintiffs' claims that his insurance became unaffordable. Plaintiffs
2  argued that the nonmedical claims had no effect upon Plaintiffs' insurance premiums. During
3  the April 22, 2020 hearing, the parties agreed to further meet and confer on this issue.

4      The Court finds whether this evidence would be admissible is better addressed during the
5  trial of this action where the Court can consider the evidence in its proper context. Jonasson v.
6  Lutheran Child and Family Services, 115 F.3d 436,440 (7th Cir. 1997); McConnell v. Wal-Mart
7  Stores, Inc., 995 F.Supp.2d 1164, 1167 (D. Nev. 2014); United States v. Hitesman, No. 14-CR-
8  00010-LHK-1, 2016 WL 3523854, at *2 (N.D. Cal. June 28, 2016). Plaintiffs' motion *in limine*
9  no. 8 is denied.

### C. Dr. Edmunds and Plaintiff Chaudhry's Treating Providers

11     The parties clarified at the April 22, 2020 hearing that they have stipulated that the
12 testimony of Dr. Edmunds and Plaintiff Chaudhry's treating providers, Drs. Mehdi, Raskin, and
13 Huang, shall be excluded from trial. Based on the stipulation of the parties, Plaintiffs' motion *in*
14 *limine* no. 4 to exclude the testimony of Dr. Edmunds and Defendants' motion *in limine* no. 3 to
15 exclude the testimony of Drs. Mehdi, Raskin, and Huang are granted.

## III.
## CONCLUSION AND ORDER

18 Based on the foregoing, IT IS HEREBY ORDERED that:

19     1.    Plaintiffs' supplemental briefing construed as a motion for reconsideration of the
20         February 22, 2020 order re motions *in limine* is GRANTED;

21     2.    Plaintiffs first *in limine* to exclude evidence of Perez is GRANTED IN PART and
22         evidence of the damages award in Perez is excluded from the trial of this matter;

23     3.    Plaintiffs' seventh motion *in limine* to exclude evidence of medical lawsuits filed
24         against Plaintiffs is DENIED;

25     4.    Plaintiffs' eighth motion *in limine* to exclude evidence of non-medical lawsuits is
26         DENIED; and

27 ///
28 ///

5.  Plaintiffs' fourth motion *in limine* to exclude the testimony of Dr. Edmunds and Defendants' third motion *in limine* to exclude the testimony of Drs. Mehdi, Raskin, and Huang are GRANTED.

IT IS SO ORDERED.

Dated:  **April 24, 2020**

UNITED STATES MAGISTRATE JUDGE