1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERVAIZ A. CHAUDHRY, et al., | Case No. 1:16-cv-01243-SAB |
| Plaintiffs, | ORDER ENTERING STIPULATED PROTECTIVE ORDER |
| v. | (ECF No. 123) |
| SONIA ANGELL, et al., | |
| Defendants. | |

## <u>STIPULATED PROTECTIVE ORDER</u>

Under Federal Rule of Civil Procedure 26(c) and Local Rule 141.1, the parties and Fresno Community Hospital and Medical Center, dba Community Regional Medical Center (CRMC), by and through their counsel of record, stipulate to and request entry of a protective order as follows:

1.      <u>LOCAL RULE 141.1 STATEMENT</u>

In accordance with the provisions of Local Rule 141.1(c), the parties and CRMC assert the following:

(1)     The information eligible for a protective order in this case is CRMC's peer review file that was the subject of Defendants' motion to compel compliance with subpoena (*see* ECF Nos. 117-120) and resulting December 7, 2020 Order (ECF No. 122).

/ / /

1    (2)    A particularized need exists as to CRMC's peer review file because the file contains

2    confidential and personal medical information, and contains information that is otherwise

3    confidential, and intended to be kept confidential, under California Evidence Code § 1157.

4    (3)    A court order is needed to ensure the privacy and confidentiality of the peer review

5    file is enforceable and maintained after this litigation has ended while, if necessary, permitting

6    the parties to use relevant and probative material contained within the peer review file at trial as

7    already determined by this Court in its December 7, 2020 Order.

8    2.    PURPOSES AND LIMITATIONS

9    This civil-rights action under 42 U.S.C. § 1983 arises from the investigation conducted and

10   the report published by the California Department of Public Health (DPH) concerning the April

11   2, 2012 open-heart surgery of patient Perez that Plaintiff Dr. Chaudhry performed at Fresno

12   Community Regional Medical Center (CRMC). Based on DPH's investigation, the published

13   report found that Dr. Chaudhry left the open-heart surgery prior to the closing of the chest and

14   prior to stabilization of the patient in violation of the hospital's medical-staff bylaws. Dr.

15   Chaudhry and his medical practice, Valley Cardiac Surgery Medical Group, filed this lawsuit

16   alleging that Defendants, employees of DPH, conducted an inadequate investigation and

17   published the report with known inaccuracies and stigmatizing information, in violation of their

18   due process rights under the Fourteenth Amendment. CRMC is not a party to this lawsuit.

19   On October 5, 2020, Defendants issued a subpoena and notice to consumer for CRMC to

20   produce the peer review file concerning the April 2, 2012 surgery Dr. Chaudhry performed.

21   CRMC timely objected to the subpoena and produced a privilege log. On November 4, 2020,

22   Defendants moved to compel CRMC's compliance with the subpoena, which CRMC opposed.

23   On December 2, 2020, the Court held a hearing on the motion to compel compliance, and

24   counsel for CRMC appeared and presented oral argument. On December 7, 2020, the Court

25   issued an order granting in part and denying in part Defendants' motion to compel compliance.

26   (*See* ECF No. 122.) Specifically, the Court sustained CRMC's objections on the ground of

27   attorney-client privilege as to the August 4, 2012, September 6, 2012, and September 13, 2012

28   communications and those documents are not required to be produced. The Court overruled all

2

1  other objections and required disclosure of the peer review file pertaining to the April 2, 2012

2  surgery subject to protective order.

3      This Stipulated Protective Order shall govern the use and disclosure, if necessary, of

4  material contained within CRMC's peer review file pertaining to the April 2, 2012 surgery that

5  Dr. Chaudhry performed on patient Perez.

6      3.    DEFINITIONS & SCOPE

7      3.1    "Confidential" information or items is defined as information (regardless of how it is

8  generated, stored or maintained) or tangible things that qualify for protection under Federal Rule

9  of Civil Procedure 26(c) and for which public disclosure is likely to result in particularized harm,

10  or is privileged under law, and/or violates privacy or official information interests recognized by

11  law, or is otherwise entitled to protection.

12      3.2    The parties and CRMC agree that CRMC's entire peer review file will be deemed

13  "Confidential" for purposes of this Stipulated Protective Order.

14      3.3    The protections conferred by this Stipulated Protective Order cover not only

15  Confidential material (as defined above), but also (1) any information copied from Confidential

16  material; (2) all copies, excerpts, summaries, or compilations of Confidential material that reveal

17  the source of the Confidential material or that reveal specific information entitled to

18  confidentiality as a matter of law; and (3) any testimony, conversations, or presentations by

19  parties or their counsel that might reveal Confidential material. However, the protections

20  conferred by this Stipulated Protective Order do not cover the following information: (a) any

21  information that is in the public domain at the time of disclosure or becomes part of the public

22  domain after its disclosure as a result of publication not involving a violation of this order,

23  including becoming part of the public record through trial or otherwise; and (b) any information

24  known to the parties prior to the disclosure or obtained by the parties after the disclosure from a

25  source who obtained the information lawfully and under no obligation of maintaining

26  confidentiality.

27      3.4    Any use of Confidential material at trial shall be governed by a separate agreement

28  or order. Counsel for the parties and CRMC shall meet and confer no less than fourteen days

1  before any Confidential material is sought to be used and/or disclosed at trial. If the parties and

2  CRMC are unable to agree concerning the disclosure of Confidential material at trial, the parties

3  and CRMC agree to adhere to and be bound by Magistrate Judge Boone's procedures for

4  Informal Telephonic Conferences regarding Discovery Disputes (*see*

5  http://www.caed.uscourts.gov/caednew/index.cfm/judges/all-judges/50161/) to resolve their

6  dispute.

7       3.5    The Confidential documents, material, and their contents may be used by the parties

8  and their counsel only in this litigation and may not be used in separate proceedings or actions at

9  this time or in the future without first being obtained through proper discovery procedures or

10  court orders in those separate proceedings or actions.

11       3.6    The Confidential documents and their contents may not be disclosed, copied,

12  distributed, shown, described, or read to any person or entity (including, but not limited to, media

13  representatives) by any party or their counsel, representatives or agents, other than (a) the parties

14  to this litigation; (b) the parties' attorneys, paralegals, and legal office staff in this litigation; (c)

15  the consultants requested by the parties' attorneys to furnish expert or litigation support services

16  in this litigation; (d) court reporters and their staff, and Professional Vendors to whom disclosure

17  is reasonably necessary for this litigation, and (e) the Court in this action, for purposes of this

18  litigation and trial. Any individual who is shown or provided Confidential material and who is

19  not a signatory to this Stipulated Protective Order is required to sign the "Acknowledgement and

20  Agreement to be Bound" (Exhibit A), agreeing to abide by the provisions of this Stipulated

21  Protective Order.

22       3.7    This section does not affect CRMC's obligation and right to withhold or redact the

23  names and medical information of third-party patients, unrelated to the April 2, 2012 surgery of

24  patient Perez, contained within the Confidential material or as the parties may otherwise agree.

25       4.    <u>DURATION</u>

26       4.1    Even after final disposition of this litigation, the confidentiality obligations imposed

27  by this Stipulated Protective Order shall remain in effect until CRMC agrees otherwise in writing

28  or a court order otherwise directs. Final disposition shall be deemed to be the later of (1)

dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

5.1    If any party or CRMC learns that, by inadvertence or otherwise, it has disclosed Confidential material to any person or in any circumstance not authorized under this Stipulated Protective Order, the party must immediately (a) notify CRMC in writing of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Confidential material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulated Protective Order, and (d) request such person or persons to immediately return or destroy all copies of the Confidential material and to execute a declaration under penalty of perjury stating that it has done so.

6. <u>INADVERTENT PRODUCTION OF PRIVILEGED MATERIAL</u>

6.1    When CRMC gives notice to the parties that certain inadvertently produced material is subject to a claim of attorney-client privilege (and not covered by the Court's December 7, 2020 Order, ECF No. 122), the obligations of the parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties and CRMC reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties and CRMC may incorporate their agreement into this Stipulated Protective Order through addendum.

7. <u>MISCELLANEOUS</u>

7.1    Right to Further Relief. Nothing in this Stipulated Protective Order abridges the right of any person to seek its modification by the Court in the future.

7.2    Right to Assert Other Objections. By stipulating to the entry of this Stipulated Protective Order, CRMC and the parties do not waive any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, CRMC and the parties do not waive any right to object on

1  any ground to the use or introduction of any Confidential material covered by this Stipulated

2  Protective Order at trial.

3        7.3    Filing Confidential Material. Unless CRMC agrees or the Court otherwise orders, no

4  party may file in the public record in this action any Confidential material.

5        8.    <u>RETURN OF CONFIDENTIAL MATERIAL</u>

6        8.1    Within ninety days after the final disposition of this action, as defined in Section 4,

7  upon written notification served by CRMC, the parties must return all Confidential material to

8  CRMC or destroy such material. As used in this subdivision, "all Confidential material" includes

9  all copies, abstracts, compilations, summaries, and any other format reproducing or capturing

10  any of the Confidential material. Whether the Confidential material is returned or destroyed, the

11  party must submit a written certification to CRMC by the ninety-day deadline that (1) identifies

12  (by category, where appropriate) all the Confidential material that was returned or destroyed and

13  (2) affirms that the party has not retained any copies, abstracts, compilations, summaries or any

14  other format reproducing or capturing any of the Confidential material.

15        9.    <u>REMEDIES</u>

16        9.1    Any party or CRMC believing that this Stipulated Protective Order is being violated

17  may move for a Court order of enforcement. The motion shall be subject to all local rules

18  governing motions concerning discovery disputes, including but not limited to meet and confer

19  requirements. Said motion may be brought at any time up to final entry of judgment in this

20  matter.

21       IT IS SO STIPULATED.

22

23  Dated:  December 18, 2020           Respectfully Submitted,

24                         WHITE CANEPA LLP

25                         */s/ **Karen J. Ray*** (as authorized 12/18/20)

26                         WILLIAMS M. WHITE
                       KAREN J. RAY

27                         *Attorneys for Non-Party Witness Fresno Comm.
                       Hosp. & Med. Ctr.*

28

1

2   Dated:  December 18, 2020

3

4

5

6

7

8   Dated:  December 18, 2020

9

10

11

12   Dated:  December 18, 2020

13

14

15

16   ///

17   ///

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

XAVIER BECERRA
Attorney General of California
PETER A. MESHOT
Supervising Deputy Attorney General

*/s/ Diana Esquivel*

DIANA ESQUIVEL
Deputy Attorney General
*Attorneys for Defendants Angell, Campbell, and Lopez*

YARRA LAW GROUP

*/s/ H. Ty Kharazi* (as authorized 12/18/20)

H. TY KHARAZI
*Attorneys for Plaintiffs*

THORNTON DAVIDSON, P.C.

*/s/ Thornton Davidson* (as authorized 12/18/20)

THORNTON DAVISON
*Attorneys for Plaintiffs*

1

**ORDER ENTERING STIPULATED PROTECTIVE ORDER**

2    Pursuant to the stipulation of the parties, IT IS HEREBY ORDERED that:

3    1.    The above stipulated protective order is entered;

4    2.    The parties are advised that pursuant to the Local Rules of the United States

5          District Court, Eastern District of California, any documents which are to be filed

6          under seal will require a written request which complies with Local Rule 141;

7    3.    The party making a request to file documents under seal shall be required to show

8          good cause for documents attached to a nondispositive motion or compelling

9          reasons for documents attached to a dispositive motion, <u>Pintos v. Pacific Creditors</u>

10         <u>Ass'n</u>, 605 F.3d 665, 677-78 (9th Cir. 2009); and

11   4.    If a party's request to file Protected Material under seal is denied by the Court,

12         then the previously filed material shall be immediately accepted by the court and

13         become information in the public record and the information will be deemed filed

14         as of the date that the request to file the Protected Information under seal was

15         made.

16

17   IT IS SO ORDERED.

18   Dated:   **December 21, 2020**

19                                              UNITED STATES MAGISTRATE JUDGE

20

21

22

23

24

25

26

27

28