1  XAVIER BECERRA, State Bar No. 118517
   Attorney General of California
2  PETER A. MESHOT, State Bar No. 117061
   Supervising Deputy Attorney General
3  DIANA ESQUIVEL, State Bar No. 202954
   Deputy Attorney General
4   1300 I Street, Suite 125
    P.O. Box 944255
5   Sacramento, CA 94244-2550
    Telephone: (916) 210-7320
6   Facsimile: (916) 322-8288
    E-mail: Diana.Esquivel@doj.ca.gov
7  *Attorneys for Defendants Angell, Campbell, and Lopez*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| **PERVAIZ A. CHAUDHRY, et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**SONIA ANGELL, in her official capacity as the Director of the California Department of Public Health, et al.,**<br><br>Defendants. | No. 1:16-cv-01243 SAB<br><br>**DEFENDANTS' RESPONSE TO ORDER TO SHOW CAUSE RE: WAIVER OF JURY TRIAL**<br><br>Judge: Hon. Stanley A. Boone<br>Trial Date: May 4, 2021<br>Action Filed: July 14, 2016 |

The undersigned, counsel for Defendants Angell, Campbell, and Lopez, sincerely apologizes to the Court and all parties and their counsel for her delay in complying with the Court's orders to file a waiver of jury trial. This was an oversight on her part, and not an intentional act to disobey the Court's orders.

When the Court issued the second amended pretrial order on October 30, 2020, the undersigned calendared the deadline (November 4) to file waiver. When the third amended pretrial order issued three days later on November 2, the undersigned did not calendar the new deadline or update the previously calendared deadline because the original deadline had not yet

1

passed, and she fully intended to file the waiver by the original deadline. Due to other pressing matters, the undersigned was not able to file the waiver by the original November 4 deadline, but at the time, she knew had a few extra days to timely file it as set out in the November 2 order. (Based on the November 2 order, the waiver was now due November 8 given that the fifth day landed on a Saturday.) Focused on other deadlines and without a calendar reminder, the undersigned forgot about the waiver and did not file it. The undersigned completely forgot about the waiver until the Court's March 5, 2021 fifth amended pretrial order, requiring the parties to file the waiver by March 10. After the Court issued the March 5 order, time simply got away from the undersigned. She had other deadlines to meet and an unexpected pet-medical emergency during the week of March 8 that distracted her from timely filing the waiver that was due on March 10.[1]

The undersigned provides this explanation *not* as an excuse for her failure to comply with the Court's orders and timely file the waiver, but to show that her non-compliance was not intentional. If the Court believes that sanctions are warranted for the undersigned's oversight in timely filing the waiver, the undersigned respectfully requests that such be levied against her and not the Defendants, as the Defendants bear no fault in this matter.

Dated:  March 12, 2021

Respectfully submitted,

XAVIER BECERRA
Attorney General of California
PETER A. MESHOT
Supervising Deputy Attorney General

*/s/ Diana Esquivel*

DIANA ESQUIVEL
Deputy Attorney General
*Attorneys for Defendants Angell, Campbell, and Lopez*

SA2016301853
34910656.docx

---

[1] The undersigned filed two motions for extension in another case explaining this urgent pet situation. *See Orr v. Plumb*, 9th Cir. No. 18-16929 (Dk Entry Nos. 63, 65).

2

Defs.' Response to Order to Show Cause re Waiver of Jury Trial  (1:16-cv-01243 SAB)